IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02669-WYD-MEH

STEVEN DOUGLAS GREEN,

    Plaintiff,

v.

WENDY BROWN,
DARRELL SNYDER, and
GERALD EMRICK,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 9, 2011.**

    Defendant Brown's Motion to Stay Briefing on Plaintiff's Motion for Summary Judgment [filed May 6, 2011; docket #88] and the Motion to Stay Discovery Pending Resolution of Qualified Immunity Asserted in Motions to Dismiss filed by Defendants Snyder and Emrick [filed May 9, 2011; docket #90] are **granted**. The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). All three defendants raise qualified immunity as a defense in the pending motions to dismiss; therefore, the Court must follow Supreme Court precedent regarding **staying discovery** until resolution of the immunity question. This stay of discovery shall extend to staying the briefing on the pending motion for summary judgment filed by Plaintiff.