IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-02669-WYD-MEH

STEVEN DOUGLAS GREEN,

      Plaintiff,

v.

WENDY BROWN;
DARRELL SNYDER; and
GERALD EMRICK,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    INTRODUCTION

THIS MATTER is before the Court on Defendant Brown's Motion to Dismiss (filed April 12, 2011; ECF No. 60), Defendants Snyder and Emrick's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (filed April 15, 2011; ECF No. 64), and Plaintiff's "Summary Judgement Motion" (filed April 28, 2011; ECF No. 75).  The motions were referred to Magistrate Judge Hegarty for a Recommendation by Order of Reference dated February 14, 2011.  Magistrate Judge Hegarty issued a Recommendation on July 8, 2011, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Hegarty recommends therein that Defendant Brown's Motion to Dismiss be granted, Defendants Snyder and Emrick's Motion to Dismiss be granted in part and denied in part, and Plaintiff's "Summary Judgement Motion" be denied without prejudice.  (Recommendation at 1, ECF No. 108.)

Magistrate Judge Hegarty advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. (Recommendation at 1-2.) On July 22, 2011, Plaintiff filed an objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II.     BACKGROUND

Plaintiff is a *pro se* state prisoner incarcerated at the Centennial Correctional Facility in Canon City, Colorado. Plaintiff was previously incarcerated at the Sterling Correctional Facility in Sterling, Colorado, where the events at issue in this lawsuit took place. Plaintiff's Complaint, filed on November 2, 2010, is the operative pleading in addition to the brief amendment accepted by the Court on May 5, 2011.

Plaintiff brings four claims pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights, as well as a violation of 42 U.S.C. § 1997d, summarized as follows: 1) Defendant Brown sexually harassed Plaintiff in violation of the Eighth Amendment's prohibition of cruel and unusual punishment; 2) Defendant Brown demanded and later received gifts from Plaintiff in violation of the Eighth Amendment's prescription against excessive fines; 3) Defendant Snyder retaliated against Plaintiff by mishandling prison grievance forms in violation of the First Amendment; and 4) Defendant Emrick retaliated against Plaintiff in violation of 42 U.S.C. § 1997d. Plaintiff sues Defendant Brown in her individual capacity, Defendant Snyder in his individual and official capacities, and Defendant Emrick in his official

capacity only. Plaintiff requests injunctive relief, compensatory damages, and punitive damages. (Recommendation at 2.)

III. RECOMMENDATION

Plaintiff brings allegations of sexual harassment by prison guard Defendant Brown. The allegations include explicit sexual conversations between Plaintiff and Defendant Brown and several instances of masturbation. There are no allegations of physical contact between Plaintiff and Defendant Brown. Plaintiff also alleges that he made attempts to file grievances concerning the sexual harassment, but that Defendants Emrick and Snyder deliberately mishandled his grievances in retaliation for the incidents between Plaintiff and Defendant Brown. I adopt and incorporate by reference the detailed factual allegations set forth in Magistrate Judge Hegarty's Recommendation. (Recommendation at 3-6.)

Magistrate Judge Hegarty recommends that Defendant Brown's Motion to Dismiss be granted, Defendants Snyder and Emrick's Motion to Dismiss be granted in part and denied in part, and Plaintiff's "Summary Judgement Motion" be denied without prejudice. (Recommendation at 1.) In his Recommendation, Magistrate Judge Hegarty noted that Defendants seek dismissal of Plaintiff's claims on the grounds that they are entitled to qualified immunity and that Plaintiff fails to state a claim upon which relief may be granted.

A. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 1950.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. Additionally, the Tenth Circuit has instructed

that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

1. Defendant Brown's Motion to Dismiss

Defendant Brown seeks dismissal of Plaintiff's claims on the following grounds: 1) Plaintiff's factual allegations are not sufficiently serious to state a claim of cruel and unusual punishment under the Eighth Amendment; 2) the prohibition against excessive fines is limited to fines imposed by the government; and 3) Defendant Brown is entitled to qualified immunity.

a. Qualified Immunity

Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity also offers protection from trial and other burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When a Defendant raises qualified immunity in a Rule 12(b)(6) motion to dismiss, the Court employs a two-step process. The threshold inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out

on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*[1]

Courts must determine whether the constitutional right was clearly established in "the context of the particular case before the court, not as a general, abstract matter." *Simkins v. Bruce*, 406 F.3d 1239, 1241 (10th Cir. 2005). That is, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in each defendant's position] that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202; *see also Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Further, in order for a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other circuits must establish the constitutional right. *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). In other words, there must be case authority in which a constitutional violation was found based upon similar conduct. *See Callahan v. Millard County*, 494 F.3d 891, 903 (10th Cir. 2007).

        b.    <u>Claim One: Sexual Harassment Under the Eighth Amendment</u>

As an initial matter, in his Recommendation, Magistrate Judge Hegarty disregards Plaintiff's assertion of the Prison Rape Elimination Act ("PREA") as it "provides no private right of action." *Nasious v. City & Cnty. of Denver*, No.

---

[1] In a recent decision, the Supreme Court held that courts are no longer required to follow the *Saucier* format in evaluating a qualified immunity claim. *Pearson v. Callahan*, 555 U.S. 223 (2009).

08-cv-00275-ZLW-KMT, 2010 WL 1347731, at *2 (D. Colo. Mar. 31, 2010) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279-80 (2002) ("courts do not imply a right to sue absent a statute's unambiguous intent to confer individual rights"). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue . . . The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008) (citing 42 U.S.C. § 15601 et seq.). Thus, Magistrate Judge Hegarty goes on to evaluate Plaintiff's sexual harassment allegations under the Eighth Amendment.

Magistrate Judge Hegarty noted that a prisoner bringing sexual harassment claims under the Eighth Amendment must establish, objectively and subjectively, that particular conditions of confinement are cruel and unusual. *Smith v. Cochran,* 339 F.3d 1205, 1212 (10th Cir. 2003), *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991). To satisfy the objective component, a plaintiff must allege that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901, 2000 WL 1532783, at *1 (10th Cir. 2000) (unpublished) (quotation omitted). The objective prong of the evaluation is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The Tenth Circuit has stated that sexual abuse is repugnant to contemporary standards of decency, and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment claim. *Smith*, 339 F.3d at 1212.; *see also Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) ("[t]here can be no doubt that severe or repetitive sexual

abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation").

However, Magistrate Judge Hegarty cautioned that "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (internal quotation marks and citations omitted). "An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment." *Marshall v. Milyard*, No. 10-1104, 2011 WL 285563, at *2 (10th Cir. 2011) (unpublished) (citing *Hudson*, 503 U.S. at 1, 9 (1992)). The Tenth Circuit held that if a "[p]laintiff does not allege that the [offensive touching] was conducted 'in an abusive fashion or with unnecessary force,' he does not state a claim under the Eighth Amendment." *Jackson v. Cen. N.M. Corr. Facility*, 976 F.2d 740, 1992 WL 236921, at *4 (10th Cir. 1992) (unpublished) (quoting *Levoy v. Mills*, 788 F.2d 1437, 1439 (10th Cir. 1986)).

Based on a thorough discussion of the law, Magistrate Judge Hegarty found that while Plaintiff sufficiently alleged a culpable state of mind by Defendant Brown, in satisfaction of the subjective element of the Eighth Amendment evaluation, Plaintiff failed to satisfy the objective prong of the analysis. (Recommendation at 14-15.) Similar to cited cases, Magistrate Hegarty found that Plaintiff failed to allege any significant level of physical danger created by Defendant Brown. Therefore, Magistrate Judge Hegarty concluded that "Defendant Brown's conduct was crude and unprofessional, but ultimately de minimus, in terms of a potential constitutional violation." (Recommendation at 15.) Accordingly, Defendant Brown is entitled to qualified immunity from Plaintiff's assertion of sexual harassment, and Claim One

should be dismissed with prejudice. (Recommendation at 15.)

Plaintiff objects to this portion of the Recommendation by stating that this case is "NOT a case of malevolent touching by a guard, but rather repeated sexual harassment and threats that caused the Plaintiff" mental and emotional distress resulting in irritable bowel syndrome. (Objection at 1.) Plaintiff goes on to claim that he alleged a "threatened injury" of "being in prison." (Objection at 1.) As an initial matter, I agree with Magistrate Judge Hegarty that Defendant Brown's conduct was inappropriate and unprofessional. However, I also agree that based on controlling case law, this conduct does not rise to the level of an Eight Amendment violation. *See Joseph*, 2000 WL 1532783, at *1. Plaintiff brings allegations of verbal harassment. Importantly, Plaintiff does not allege any physical contact by Defendant Brown or any significant level of physical danger. Thus, I agree with Magistrate Judge Hegarty's thorough analysis that Claim One fails because Plaintiff did not sufficiently allege conduct so harmful as to be considered cruel and unusual in violation of the Eighth Amendment. Plaintiff's objections are overruled, and Defendant Brown is entitled to qualified immunity from Plaintiff's assertion of sexual harassment. Plaintiff's Claim One is dismissed with prejudice.

      c. <u>Claim Two: Excessive Fines Under the Eighth Amendment</u>

The Eighth Amendment proscribes the imposition of "excessive fines." U.S. Const. Amend. VIII. "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States*, 509 U.S. 602, 609-10 (1993) (citation omitted) (holding that the

Excessive Fines Clause applies to in rem civil forfeiture proceedings). The Tenth Circuit explained that the clause is "intended to limit only those fines directly imposed by, and payable to, the government." *Hopkins v. Okla. Pub. Emps. Ret. Sys.*, 150 F.3d 1155, 1162 (10th Cir. 1998) (citing *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)). The term "fine" refers to "a payment to a sovereign as punishment for some offense." *Hopkins*, 150 F.3d at 1162.

Here, Plaintiff alleges that Defendant Brown extorted gifts and money from him. (Recommendation at 16.) Magistrate Judge Hegarty reasoned that in order for these gifts to be subject to the excessive fines clause, Plaintiff must show the "fine" was imposed by and payable to the government, as some form of punishment. (Recommendation at 16.) Magistrate Judge Hegarty found that Defendant Brown was not acting within the scope of her duties, thus, Plaintiffs's allegations failed to establish that the gifts constituted a fine directly imposed against Plaintiff as punishment by the government. (Recommendation at 16.)

Based on my review of Plaintiff's objection, it does not appear that he objects to this portion of the Recommendation. In fact, Plaintiff does not reference the Excessive Fines Clause anywhere in his objection. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir.

1996). Accordingly, I agree and find no error with Magistrate Judge Hegarty's well reasoned conclusion that Defendant Brown is entitled to qualified immunity from Plaintiff's assertion of an excessive fine, and Claim Two should be dismissed with prejudice.

          2.      <u>Defendants Snyder and Emrick's Motion to Dismiss</u>

Defendants Snyder and Emrick seek dismissal of Plaintiff's claims for the following reasons: 1) Snyder and Emrick's actions only caused a delay in Plaintiff filing his grievances and therefore are not sufficiently adverse to chill a person of ordinary firmness from exercising his right to file grievances; 2) Plaintiff failed to prove that retaliation was the actual "but for" cause of the retaliatory motive; 3) Defendants Snyder and Emrick are entitled to qualified immunity; and 4) Plaintiff's claims for compensatory damages are not viable under the Prison Litigation Reform Act's ("PLRA") physical injury requirement.

After engaging in a detailed analysis, Magistrate Judge Hegarty concluded that "Plaintiff states a plausible claim for relief against Defendant Snyder but not against Defendant Emrick, and Plaintiff's request for compensatory damages does not comport with the PLRA. As the elements of retaliation were well-settled at the time of the alleged wrongdoing, Defendant Snyder is not entitled to qualified immunity, at this stage of the litigation. However, the Court determines Defendant Emrick is entitled to qualified immunity, and Plaintiff's Claim Four should be dismissed with prejudice." (Recommendation at 19.)

I note that no objections were raised to this portion of the Recommendation.

-11-

Having reviewed this portion of the Recommendation, I find no clear error on the face of the record. I adopt Magistrate Judge Hegarty's thorough, well reasoned Recommendation as to Defendants Snyder and Emrick's motion.

### B. Dismissal Without Leave to Amend

"[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (citation omitted). As to Claims One, Two, and Four, Magistrate Judge Hegarty does not believe amendment would cure the stated deficiencies. However, as to Claim Three, Magistrate Judge Hegarty recommends that Plaintiff be permitted to file a Second Amended Complaint against Defendant Snyder only, limited to his claim of retaliation and any request for injunctive or declaratory relief and punitive damages.

No objections were raised to this part of the Recommendation. Having reviewed this portion of the Recommendation, I find no clear error on the face of the record. I adopt Magistrate Judge Hegarty's thorough, well supported Recommendation as to this issue.

### C. Plaintiff's "Summary Judgement Motion"

Magistrate Judge Hegarty recommends finding that Plaintiff fails to state a cognizable constitutional claim against Defendants Brown and Emrick, thus mooting Plaintiff's request for summary judgment against these Defendants. Magistrate Judge Hegarty further recommends that Plaintiff file a Second Amended Complaint fully encompassing his allegations against Defendant Snyder, which would also moot the

motion against Defendant Snyder." (Recommendation at 25.)  Thus, Magistrate Judge Hegarty recommends denying this motion without prejudice, with leave to refile.

No objections were raised to this part of the Recommendation.  Having reviewed this portion of the Recommendation, I find no clear error on the face of the record.  I adopt Magistrate Judge Hegarty's thorough, well reasoned Recommendation as to this motion.

IV.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Hegarty (ECF No. 108) is **AFFIRMED AND ADOPTED**.  It is

FURTHER ORDERED that the Defendant Brown's Motion to Dismiss (filed April 12, 2011; ECF No. 60) is **GRANTED.**  It is

FURTHER ORDERED that Defendants Snyder and Emrick's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (filed April 15, 2011; ECF No. 64) is **GRANTED IN PART AND DENIED IN PART.**  It is

FURTHER ORDERED that Plaintiff's "Summary Judgement Motion" (filed April 28, 2011; ECF No. 75) is **DENIED WITHOUT PREJUDICE**.

In accordance therewith, it is

FURTHER ORDERED that Claims One, Two, and Four, as well as Plaintiff's request for compensatory damages, are **DISMISSED WITH PREJUDICE**, and Defendants Brown and Emrick are **DISMISSED** from this action.  Plaintiff is permitted to file a Second Amended Complaint against Defendant Snyder only, limited to the

allegations of First Amendment retaliation as described in Claim Three, for injunctive and declaratory relief and punitive damages, if Plaintiff so chooses.

Dated: August 29, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge