IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02669-WYD-MEH

STEVEN DOUGLAS GREEN,

    Plaintiff,

v.

DARRELL SNYDER,

    Defendant.

## ORDER ON MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for an Order Compelling Discovery [filed January 10, 2012; docket #151]. This matter is referred to this Court for resolution. (Docket #152.) The matter has been fully briefed and oral argument would not materially assist the Court in deciding this motion. For the reasons that follow, Plaintiff's motion is **granted in part and denied as moot in part**.

**I.   Background**

This motion arises from Defendant's alleged failure to provide Plaintiff with timely responses to interrogatories. Plaintiff served Defendant with the interrogatories on November 26, 2011. (Docket #151 at 1.) Pursuant to Fed. R. Civ. P. 33(b)(2), Defendant's responses were originally due on or before December 27, 2011. Because Defendant's counsel was unable to finalize the responses by that date, she requested and received an extension from Plaintiff through and including January 6, 2012. (Docket # 156 at 2.) As of January 9, 2012, Plaintiff had still not received the responses. (Docket #151 at 1.)

On January 10, 2012, Plaintiff filed the present motion seeking an order from the Court

compelling discovery and the costs associated with filing his motion. (Docket #151.) Defendant filed a response to Plaintiff's motion on January 31, 2012, arguing that Plaintiff's motion to compel should be denied as moot because the requested discovery had been tendered. (Docket #156 at 2.) Defendant does not address Plaintiff's request for costs, nor does Defendant provide the date on which the responses were mailed. Rather, Defendant simply states "apparently Plaintiff did not receive the Interrogatory responses before mailing the [motion]." (*Id.*) The Certificate of Service attached to the Defendant's responses to Plaintiff's interrogatories reveals that Defendant did not mail the documents to Plaintiff until January 9, 2012. (Docket #156-1, 6.) Plaintiff concedes that he received the responses almost a week later, but reiterates his request for reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A). (Docket #158 at 1.) Such costs amount to $3.26 for stamps and photocopies. (*Id.*)

## II.     Discussion

Because Plaintiff concedes he received the requested discovery, Plaintiff's motion to compel is partially moot. Thus, the Court turns to Plaintiff's request for costs pursuant to Fed. R. Civ. P. 37(a)(5)(A).

The plain language of Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, or if the requested discovery is provided after the motion was filed,

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees."

(emphasis added). Rule 37(a)(5)(A) also provides three exceptions, stating that the Court must not order costs or fees if: i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" ii) "the opposing party's nondisclosure, response, or objection was substantially justified;" or iii) "other circumstances make an award of expenses

unjust."

There is no dispute that Defendant's responses were due on or before January 6, 2012. The Federal Rules of Civil Procedure contemplate a short delay between the mailing and delivery of documents; however, that time is not unlimited. Fed. R. Civ. P. 6(d) provides for delivery within 3 days of mailing. Consistent with Rule 6(d), Plaintiff waited until after January 9, 2012 before filing the present motion. However, the effect of Rule 6(d) is irrelevant here because the Certificate of Service on Defendant's responses represents that they were not mailed until January 9, 2012, three days after they were due. Plaintiff did not receive the responses until January 17, 2012, several days after he filed this motion.

Although Plaintiff's motion included a request for costs and Defendant received an opportunity to respond, Defendant made no argument regarding this issue. Thus, the Court considers the possible exceptions under which Defendant may be relieved of the otherwise mandatory provisions of Rule 37(a)(5)(A).

First, it is clear from the briefing that Plaintiff attempted to accommodate Defendant's counsel by granting her a two-week extension beyond the deadline imposed by the Federal Rules. Plaintiff could have demanded responses by December 27, 2011, but he did not. Moreover, Plaintiff's ability to contact Defendant before filing the motion was limited due to his incarceration. Thus, the Court finds that Plaintiff made a sufficient effort to obtain the requested discovery before seeking relief from the Court.

Second, the Court considers whether the Defendant's nondisclosure was substantially justified. Defendant's response does not speak to this point directly, but indicates that Defendant's counsel was out of town over the holidays. This, however, does not explain why Defendant was unable to file the responses more than a week after the holiday season ended, particularly when

Defendant had already received an extension. Thus, the Court finds that Defendant's nondisclosure was not substantially justified.

Finally, the Defendant cites, and the Court finds, no other circumstances that would make an award of expenses unjust. Because none of the exceptions apply in this case, the general provisions of Rule 37(a)(5)(A) control. The Court is, therefore, required to impose an award of reasonable costs on the party or attorney necessitating the motion. In this case, the Court finds that Defendant's counsel necessitated the motion by failing to provide Plaintiff with responses to interrogatories by the extended deadline.

Plaintiff's motion and reply set forth his expenses, which amount to $3.26 for stamps and photocopies. (Dockets ##151, 158.)  The Court finds that these expenses are reasonable and that Plaintiff is entitled to collect them under Fed. R. Civ. P. 37(a)(5)(A).

**III.    Conclusion**

Accordingly, based on the foregoing and the entire record herein, the Court **grants in part and denies as moot in part** Plaintiff's Motion for an Order Compelling Discovery [filed January 10, 2012; docket #151].  The Court hereby ORDERS counsel for Defendant to pay Plaintiff $3.26 within in thirty (30) days of the date of this order.

Dated at Denver, Colorado, this 16th day of February, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge