IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02669-WYD-MEH

STEVEN DOUGLAS GREEN,

    Plaintiff,

v.

DARRELL SNYDER,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's "Motion Requesting a Stay of Proceedings to Enforce A Judgement Pursuant to Fed. R. Civ. P. 62(b)(1)" [filed April 23, 2012; docket #192]. Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the motion without a response from Defendant. For the reasons that follow, the Court **denies** Plaintiff's motion.

At the outset, the Court notes that Fed. R. Civ. P. 62(b)(1) is not applicable at this stage in the proceedings. Rule 62(b) allows the court, under limited circumstances, to stay the execution of a judgment. Because judgment has not yet been entered in this case, a stay is not warranted on that basis.

Although the Court cannot stay the execution of a non-existent judgment, a stay of pretrial matters is possible at this stage of the litigation. However, a stay of all proceedings is generally disfavored in this District. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). In determining whether a stay is appropriate, the following five factors guide the Court's analysis:

    (1) plaintiff's interest in proceeding expeditiously with the civil action and the

>potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

Plaintiff's motion does not address the *String Cheese* factors directly; however, the Court infers from Plaintiff's decision to request a stay that Plaintiff does not contemplate significant prejudice as a result. Although Defendant has not presented an opinion on the relief sought, the Court considers possible prejudice that he may suffer as a result of a stay. In particular, the Court notes that Defendant has already filed a proposed pretrial order and appears ready to proceed with final pretrial conference scheduled before this Court on May 2, 2012. (*See* docket #195.) Vacating the pretrial conference until the resolution of the cross motions for summary judgment would likely require Defendant to duplicate his efforts in this regard. Additionally, the Court also recognizes Defendant's general interest in the prompt resolution of the claims asserted against him in this lawsuit.

Consideration of the remaining *String Cheese* factors tips the balance against a stay. Since the parties appear ready for the final pretrial conference, the Court finds, and Plaintiff provides, no reason why it should not go forward. The matter is already scheduled, and it is more convenient for the Court to proceed as planned. The Court also notes that "[i]n the litigation context, delay is not only a practical concern...but also a social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 WL 683973 at *2 (quoting Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. P.A. L. Rev. 503, 528 (2006)). Factors three, four, and five weigh against a stay.

In consideration of the *String Cheese* factors, the Court finds that an indefinite stay of the proceedings is not appropriate in this case.

Accordingly, for the reasons stated above, the Court **denies** Plaintiff's "Motion Requesting a Stay of Proceedings to Enforce A Judgement Pursuant to Fed. R. Civ. P. 62(b)(1)" [filed April 23, 2012; docket #192].

Dated at Denver, Colorado, this 2nd day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge