IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02669-WYD-MEH

STEVEN DOUGLAS GREEN,

    Plaintiff,

v.

DARRELL SNYDER,

    Defendant.

## AMENDED MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 2, 2012.**

Before the Court Plaintiff's Motion Claiming Affidavit Submitted in Bad Faith [filed April 30, 2012; docket #197]. Plaintiff cites Fed. R. Civ. P. 56(g) as the basis for his request, but the Court refers to Rule 56(h), which allows the Court to award costs and attorneys fees if it determines that a party submitting an affidavit or declaration did so in bad faith or solely for delay.

Plaintiff's Motion asks the Court to strike the Affidavit of Defendant Snyder [docket #162-1] based on factual inconsistencies between Defendant's statements in the affidavit and his responses to Plaintiff's interrogatories. In particular, Defendant asserts in his response to Plaintiff's Interrogatory 3(4) that he cannot remember exactly when he provided Plaintiff with a Step 1 grievance form related to Wendy Brown, but he thinks the form was given on or about March 3, 2010 [*see* docket #154 at 9]. Defendant later states in his Affidavit that "[he] think[s] this [was] a typographical error, and the date was actually March 10, 2010...and not 3/3/10" [docket #162-2 at 2]. Attached to Plaintiff's Motion is a letter confirming that Plaintiff filed a Step 1 grievance related to Wendy Brown on March 3, 2010. (*See* docket #197 at 5.)

In light of these inconsistences, Plaintiff contends that Defendant submitted his Affidavit in bad faith. The Court disagrees. In the Court's view, it seems that Defendant is simply unable to recall with certainty the precise date on which he provided Plaintiff with a Step 1 grievance related to Wendy Brown. The seven-day disparity between Defendant's recollection and the actual date does not create an inference of bad faith. Although the Court will certainly consider the discrepancies in adjudicating the cross motions for summary judgment, it does not find that relief is warranted under Fed. R. Civ. P 56(h). Therefore, Plaintiff's Motion [filed April 30, 2012; docket #197] is **denied**.