IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-02669-WYD-MEH

STEVEN DOUGLAS GREEN,

     Plaintiff,

v.

DARRELL SNYDER,

     Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

I.     INTRODUCTION

THIS MATTER is before the Court on both Plaintiff's Motion for Summary Judgment (ECF No. 154) and Defendant's Motion for Summary Judgment (ECF No. 162).  The motions were referred to Magistrate Judge Hegarty for a Recommendation by Order of Reference dated February 14, 2011.  Magistrate Judge Hegarty issued a Recommendation on May 17, 2012, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Hegarty recommends therein that Plaintiff's motion be denied and Defendant's motion be granted.  (Recommendation at 1, ECF No. 209).

Magistrate Judge Hegarty advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation.  (Recommendation at 1-2).  On May 31, 2012, Plaintiff filed an objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to

which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

Plaintiff is a *pro se* state prisoner incarcerated at the Centennial Correctional Facility in Canon City, Colorado. Plaintiff was previously incarcerated at the Sterling Correctional Facility in Sterling, Colorado, where the events at issue in this lawsuit took place. Plaintiff's Second Amended Complaint, filed on September 15, 2011, is the operative pleading.[1]

Plaintiff brings one claim against the Defendant, Plaintiff's case manager at the Sterling Correctional Facility, alleging retaliation "through deliberate . . . mishandling of grievances and failure to provide grievances in the timely manner . . . in violation of Plaintiff Steven Douglas Green's First Amendment right to petition the government for a redress of grievances under the United States Constitution of America." (Second. Am. Compl. at 2-4, ECF No. 130). Plaintiff requests the following relief: (1) an order requiring the Defendant to produce the missing Step 2 grievance; (2) punitive damages in the amount of $150,000; and (3) a declaration that Plaintiff's constitutional rights were violated. (Recommendation at 8).

---

[1] I note that Plaintiff initially asserted four claims against three defendants pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights, as well as a violation of 42 U.S.C. § 1997d. On August 29, 2011, I affirmed and adopted a Recommendation of the Magistrate Judge dismissing two defendants and three claims from this matter. (ECF No. 123). This order is incorporated by reference herein.

III. RECOMMENDATION

Although Plaintiff's Second Amended Complaint asserts only one cause of action, Magistrate Judge Hegarty construed the facts and arguments to allege two claims: (1) the denial of legal access and (2) retaliation.  Magistrate Judge Hegarty recommends that the Defendant is entitled to qualified immunity.  Therefore, he recommends that Defendant's motion for summary judgment be granted. (Recommendation at 17-18).

A. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B. Defendant's Motion for Summary Judgment

Defendant seeks summary judgment in his favor arguing that he is entitled to

qualified immunity and that Plaintiff filed to provide sufficient facts in support of his First Amendment claim.

Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity also offers protection from trial and other burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When a defendant raises a qualified immunity defense in a summary judgment context, the burden shifts to the plaintiff to demonstrate on the alleged facts that the defendant's actions violated his constitutional or statutory rights and that the right was clearly established at the time of the alleged unlawful activity. *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).

        1.     <u>Denial of Access Claim</u>

Plaintiff alleges that Defendant's deliberate mishandling of grievances violated Plaintiff's First Amendment right to petition the government for redress of grievances. In his Recommendation, Magistrate Judge Hegarty noted that while Plaintiff argues that the Defendant's conduct "inhibited Plaintiff from successfully navigating the prison's grievance process," Plaintiff failed to allege any direct interference with his access to the courts. (Recommendation at 12-13). "Moreover, the record in this case shows that Plaintiff's failure to exhaust his administrative remedies had no impact on Plaintiff's ability to fully and completely resolve his claims against Wendy Brown. Indeed, Ms.

Brown did not even mention Plaintiff's failure to exhaust in her motion to dismiss." (Recommendation at 13). Accordingly, given the controlling law, Magistrate Judge Hegarty found that since "Plaintiff's assertion of interference is limited to the prison's grievance process, and because Plaintiff's claims against Wendy Brown have been fully adjudicated, . . . Plaintiff has failed to demonstrate any constitutionally cognizable injury resulting from the alleged denial of legal access." (Recommendation at 13). Thus, Magistrate Judge Hegarty recommends that this claim be dismissed.

Based on my review of Plaintiff's objection, it does not appear that he objects to this portion of the Recommendation. In fact, Plaintiff does not reference the "denial of access" claim anywhere in his objection. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Accordingly, I agree and find no error with Magistrate Judge Hegarty's well reasoned conclusion that Plaintiff failed to demonstrate any constitutionally cognizable injury resulting from the alleged denial of legal access.

      2.    <u>Retaliation Claim</u>

Plaintiff alleges that Defendant engaged in retaliation by deliberately mishandling Plaintiff's grievances related to Wendy Brown. Magistrate Judge Hegarty noted that in order to show retaliation, a plaintiff must show:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

(Recommendation at 14) (citing *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

As to the first element of a retaliation claim, Magistrate Judge Hegarty found that Plaintiff's filing of grievances against Wendy Brown was a constitutionally protected activity. As to the second element, Magistrate Judge Hegarty construed Plaintiff's allegations "to allege injury based on Defendant's deliberate mishandling of grievances and any denial of legal access that occurred as a result." (Recommendation at 14-15). However, Magistrate Judge Hegarty reasoned that the Defendant's failure to timely provide Plaintiff with grievance forms and subsequent failure to file a Step 2 grievance on Plaintiff's behalf would not "chill a person of ordinary firmness from continuing to engage in a protected activity." (Recommendation at 15).

Plaintiff objects to this portion of the Recommendation arguing that Magistrate Judge Hegarty erred in stating that Plaintiff's Step 1 grievance was untimely and should have been filed "no later than 30 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance." (Recommendation at 15) (quoting AR 850-04). Plaintiff asserts that he could have reported the first incident of sexual harassment by Wendy Brown in October of 2009, "however, being that the filing of a grievance and it's procedures is a prerequisite to bringing an action under section

1983, state and federal statute of limitations can restart anew upon each new incident; as well as the 30 day time frame of the Administrative Regulations 850-04." (Objection at 1). I overrule this objection. First, Plaintiff fails to provide any authority for his argument that the time limit for the submission of grievances set forth in AR 850-04 can be "restarted" based on a new incident. Second, even if this were procedurally accurate, this objection has no bearing on Magistrate Judge Hegarty's ultimate finding that Plaintiff suffered no injury as a result of Defendant's alleged mishandling of the grievances. Plaintiff's case against Wendy Brown was not dismissed due to procedural errors. Instead, "plaintiff received a full opportunity to prosecute his claims against Wendy Brown." (Recommendation at 16). Thus, I agree with Magistrate Judge Hegarty's finding that Defendant's alleged conduct did not cause Plaintiff any injury that would chill a person of ordinary firmness from continuing to engage in protected activity.

Moreover, I agree with Magistrate Judge Hegarty that even if Plaintiff could demonstrate sufficient injury, Plaintiff failed to proffer specific facts showing that Defendant was substantially motivated by retaliation. Thus, I find no error with Magistrate Judge Hegarty's thorough analysis that Plaintiff's retaliation claim fails because Plaintiff did not show sufficient injury to support either First Amendment claim or demonstrate that any injury he may have suffered was the result of Defendant's alleged mishandling of the grievances. Plaintiff asserts other objections relating to the timeliness of his grievances and the proper procedures for submitting grievances, but as I previously stated, these objections are overruled as they have no substantive effect on Magistrate Judge Hegarty's conclusions.

Accordingly, I affirm and adopt Magistrate Judge Hegarty's recommendation that Plaintiff has failed to demonstrate any genuine issue of material fact with respect to his First Amendment claims.  Thus, the Defendant is entitled to qualified immunity. Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.

IV.    CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Hegarty (ECF No. 209) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment (ECF No. 154) is **DENIED**.  It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 162) is **GRANTED.**  Accordingly, summary judgment shall be entered in favor of the Defendant.  This matter is hereby **DISMISSED.**

Dated:  August 8, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge